IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EMPLOYERS & CEMENT MASONS #90 HEALTH & WELFARE FUND and EMPLOYERS & CEMENT MASONS #90 PENSION FUND, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -v- | ) ) | Case No. 09-cv-0230-MJR |
| SLATER CONSTRUCTION COMPANY INC. and MACK SLATER, individually, | ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFAULT JUDGMENT

REAGAN, District Judge:

In March 2009, Plaintiffs (the Funds) commenced suit in this Court against Slater Construction Company, Inc. (Slater Construction) and Mack Slater, individually, seeking to enforce obligations and recover unpaid contributions due under the terms of applicable collective bargaining agreements. The Court enjoys subject matter jurisdiction via the federal question statute, 28 U.S.C. § 1331, as the lawsuit arises under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§ 1132, 1145.

Proper service was made on Slater Construction, and Slater Construction failed to move, answer or otherwise defend this action. On June 25, 2009, the Funds

secured a clerk's entry of default against Defendant Slater Construction under Federal Rule of Civil Procedure 55(a).

By motion filed July 7, 2009, the Funds move for default judgment against Slater Construction under Federal Rule of Civil Procedure 55(b). The motion is supported by the necessary affidavit and supporting documentation as to the various elements of damages, including the attorney's fees sought by the Funds. The motion notes that Defendant tendered a payment to the Funds in late June 2009 (in the amount of $2,197.44) and credits that amount against the balance due.

The Court **GRANTS** the motion (Doc. 16) and **DIRECTS** the Clerk of Court to enter judgment in favor of the Funds and against Defendant Slater Construction Company, Inc. <u>30 days after this Order is docketed</u>, in the total amount of <u>$6828.70</u>. The components of that total are:

<u>$4,051.20</u> = delinquent contributions of $5,207.20 plus liquidated damages of $1,041.44 (minus credit for payment received of $2,197.44); plus

<u>$2,777.50</u> awarded to the Funds in reasonable attorneys' fees and costs, as provided by ERISA, 29 U.S.C. § 1132(g)(2).

The Clerk of Court shall wait 30 days before entering judgment to permit the Funds' counsel to voluntarily dismiss the second Defendant herein, Mack Slater (individually), against whom the record reveals no proper service or entry of default.

Thus, the motion (Doc. 16, which seeks default judgment only against Slater Construction) is hereby GRANTED, but the Clerk of Court shall delay *entry* of judgment

for a 30-day period to permit voluntary dismissal by the Funds of Defendant Mack Slater. (If the Funds do not move for voluntary dismissal by August 17, 2009, the Court will DISMISS Mack Slater for lack of service or want of prosecution by the Funds.)

IT IS SO ORDERED.

DATED this 17th day of July 2009.

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge